JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 25 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 630

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE STORAGE TECHNOLOGY CORPORATION SECURITIES LITIGATION

TRANSFER ORDER*

This litigation presently consists of fifteen actions pending in two federal districts as follows: twelve actions in the District of Colorado and three actions in the Northern District of California. Before the Panel is a motion by twelve of the seventeen defendants in this litigation to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the District of Colorado for coordinated or consolidated pretrial proceedings. Also before the Panel is a cross-motion by plaintiffs in the three California actions to centralize, pursuant to Section 1407, the actions in this litigation in the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings already occurring there before Judge Spencer M. Williams in another litigation -- MDL-593, In re Storage Technology Securities Litigation. In addition to the moving defendants, plaintiffs in eleven Colorado actions and defendant Price Waterhouse favor transfer to the District of Colorado. In addition to the cross-moving plaintiffs, plaintiff in one Colorado action favors transfer to the Northern District of California. No responding party has opposed centralization.

On the basis of the papers filed and the hearing held, the Panel finds that these fifteen actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the District of Colorado will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share numerous factual questions relating to alleged violations of various securities laws in connection with the sale of Storage Technology Corporation (STC) securities. Centralization of these actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Colorado is the most appropriate transferee forum for this litigation because 1) twelve of the fifteen actions now before the Panel are already pending there; 2) STC has its principal place of business in Colorado and many of its witnesses and documents will be found in that state; and 3) related bankruptcy proceedings involving STC are pending in the District of Colorado. In response to cross-movants' request that the actions in this litigation be centralized in the Northern District of California with the actions in MDL-593, we note that Judge Williams, the MDL-593 transferee judge,

---

\* Judge Sam C. Pointer, Jr. took no part in the decision of this matter.

s ruled that the MDL-593 actions and the three California actions presently before the Panel in this litigation are unrelated within the meaning of the local court rules in the Northern District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Northern District of California be, and the same hereby are, transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Richard P. Matsch for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

## Schedule A

<u>MDL-630 -- In re Storage Technology Corporation Securities Litigation</u>

<u>Northern District of California</u>

<u>Frederick Rand v. Storage Technology Corp.</u>, C.A. No. C84-6344-JPV
<u>Frederick Rand v. Jesse I. Aweida</u>, C.A. No. C84-7030-EEL
<u>Florence Levitt v. Jesse I. Aweida</u>, C.A. No. C84-7004-MHP

District of Colorado

<u>James A. Spear v. Storage Technology Corp., et al.</u>, C.A. No. 84-2029
<u>Harry Jacobs v. Storage Technology Corp., et al.</u>, C.A. No. 84-2058
<u>Norman Kamerman v. Jesse I. Aweida, et al.</u>, C.A. No. 84-JM-1995
<u>Johnathan E. Scharff v. Storage Technology Corp., et al.</u>, C.A. No. 84-2008
<u>Joseph H. Levit v. Storage Technology Corp., et al.</u>, C.A. No. 84-JM-1981
<u>John MacDonald, et al. v. Storage Technology Corp., et al.</u>, C.A. No. 84-2048
<u>Bernard Orlofsky v. Storage Technology Corp., et al.</u>, C.A. No. 84-JM-2069
<u>Sidney Sobel v. Jesse I. Aweida, et al.</u>, C.A. No. 84-2125
<u>Alexander Katechis v. Jesse I. Aweida, et al.</u>, C.A. No. 84-2186
<u>Hilda Stoller v. Jesse I. Aweida, et al.</u>, C.A. No. 84-JM-2366
<u>Samuel Sinay v. Jesse I. Aweida, et al.</u>, C.A. No. 84-JM-2353
<u>James H. Scoville, et al. v. Jesse I. Aweida, et al.</u>, C.A. No. 84-JM-2303

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP -5 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 630

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE STORAGE TECHNOLOGY CORPORATION SECURITIES LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions involved in the above-referenced litigation have been reassigned in the District of Colorado to the Honorable Sherman G. Finesilver,

IT IS ORDERED that the above-captioned litigation be, and the same hereby is, REASSIGNED to the Honorable Sherman G. Finesilver for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

John F. Nangle
Chairman